IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON DEITZ** on behalf of himself and similarly situated employees,  :  :  :  **Plaintiff**  :  :  v.  :  :  **BUDGET INNOVATIONS AND ROOFING, INC.,**  :  :  **Defendant**  : | CIVIL ACTION NO. 4:12-CV-0718  (Judge Conner) |

### MEMORANDUM

Presently before the court are two motions (Doc. 8; Doc. 14) to withdraw as counsel in an action filed under the Fair Labor Standards Act ("FLSA"). For the reasons that follow, the court finds that court approval of the proposed FLSA settlement agreement is required. In addition, the court will grant the motions to withdraw as counsel.

**I.    Background**

Plaintiff Jason Deitz ("Deitz") filed this FLSA collective action, pursuant to 29 U.S.C. § 216(b), against defendant Budget Renovations & Roofing, Inc. ("Budget") on April 17, 2012. (Doc. 1). Deitz alleges that Budget failed to pay him, and other hourly workers, overtime premium compensation. (Id.) Deitz further alleges that he and other hourly workers were not paid any compensation for many of their work hours. (Id.) Deitz also claims violations of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104. (Id.) The following three plaintiffs "opted in" to Deitz's lawsuit: Eric Gallagher, Stephen Hornberger, and Matthew Marcheski. (Doc. 4;

Doc. 5). All four plaintiffs are presently represented by Peter D. Winebrake, Esquire, of Winebrake & Santillo, LLC ("the Winebrake Firm").

On May 25, 2012, the Winebrake Firm filed an emergency motion for an in-person conference concerning the propriety of recent settlement efforts by Budget. (Doc. 7). The Winebrake Firm averred that Deitz and the opt-in plaintiffs agreed to a settlement with Budget, without the involvement of or any notice to plaintiffs' counsel. (Id.) The Winebrake Firm also alleges that FLSA settlements must be approved by the court in absence of direct supervision of the Secretary of Labor. (Id.)

On May 29, 2012, the Winebrake Firm filed a motion to withdraw as counsel for Deitz. (Doc. 8). On June 4, 2012, the Winebrake Firm filed a second motion to withdraw as counsel for the opt-in plaintiffs. (Doc. 14). The Winebrake Firm avers that all four plaintiffs discharged their representation. Also on June 4th, the court held an in-person conference to discuss the Winebrake Firm's concerns. (Doc. 12; Doc. 13). The court ordered briefing on the necessity of court approval and held the pleadings and motions in abeyance pending its resolution. (Doc. 16). These issues are fully briefed and ripe for disposition.

**II.    Discussion**

The court must determine whether the law requires judicial approval of FLSA settlements and, if so, how to proceed in the current action. Congress enacted the FLSA for the purpose of protecting all covered workers from substandard wages and oppressive working hours. Barrentine v. Arkansas-Best

Freight Sys., 450 U.S. 728, 739 (1981); see also 29 U.S.C. § 202(a).  Congress designed the FLSA to ensure that each employee covered by the Act would receive "[a] fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay."  Id. at 739 (internal citations and quotations omitted).  The FLSA recognizes that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce."  Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945).  Under § 216(b), an employer who violates § 206 or § 207 is liable to the affected employee or employees for unpaid minimum or overtime compensation, and for an additional equal amount as liquidated damages.  29 U.S.C. § 216(b).

Section 216(b) allows an employee to bring suit against his employer "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  This section enables a named plaintiff to represent a class of similarly situated employees in a "collective action," similar to class actions governed under Federal Rule of Civil Procedure 23.  However, any employee wishing to be part of the collective action must file written consent in order to be bound by the judgment.  Id.  Typically, the named plaintiff will move the court to "certify" the action as a collective action in order to proceed with the litigation.  Burke v. Wackenhut Corp., Civ. A. No. 06-0050, 2007 U.S. Dist. LEXIS 15169 at *4 (M.D. Pa. Mar. 5, 2007).  However, the events in this case occurred prior to plaintiffs

moving the court for certification.

The Supreme Court issued two opinions in the 1940s that defined the scope of private settlement and waiver of claims under § 216(b).  In O'Neil, the Court refused to recognize employee waivers of their right to liquidated damages. 324 U.S. at 715.  The Court reasoned that if it allowed the stipulated waiver of statutory wages, it would emasculate the underlying purpose of the statute.  Id. at 707.  The Court concluded that, for the same reason, employees cannot waive their right to liquidated damages.  Id.  Notably, the O'Neil Court expressly declined to decide whether FLSA settlements can be permitted in cases of bona fide disputes between the parties.  Id. at 714.

The next year, in D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946), the Court held that FLSA barred a private settlement agreement even though there was a *bona fide* dispute regarding whether certain employees were covered by the Act. The Court reasoned that the purpose behind FLSA "leads to the conclusion that neither wages nor the damages for withholding them are capable of reduction by compromise [o]f controversies over coverage."  Id. at 116.  The Court again made clear that it was not deciding whether to bar private settlements involving *bona fide* factual disputes, such as disagreements over the number of hours an employee worked or the employee's regular rate of pay.  Id. at 114-15.

Subsequent amendments to the FLSA, namely, the Portal-to-Portal Act of 1947, 29 U.S.C. § 253, and the Fair Labor Standards Amendments of 1949, 29 U.S.C. § 216(c), opened the door to some waivers of FLSA rights.  However, there is a

current split of authority regarding whether purely private compromises of *bona fide* FLSA wage disputes are acceptable.

In Lynn's Food Stores, Inc. v. U.S. *ex rel.* U.S. Dep't. of Labor, 679 F.2d 1350 (11th Cir. 1982), the 11th Circuit refused to enforce a wholly private FLSA settlement regarding a dispute of liability. The Department of Labor found that Lynn's Food Stores ("Lynn's Food") violated the FLSA's minimum wage and overtime provisions. Id. at 1352. After failing to negotiate with the Department of Labor, Lynn's Food offered its employees $1,000 collectively in exchange for their release of all FLSA claims for compensation. Id. Fourteen employees signed the agreements, and Lynn's Food brought an action seeking judicial approval of the settlement in district court. Id. The district court rejected this settlement and the 11th Circuit affirmed, finding that the agreements did not fall into either recognized category for settlement of FLSA claims. Id. at 1353. The court held that FLSA claims for back wages may only be settled or compromised by employees in two ways: (1) by the Secretary of the Department of Labor supervising payments to employees under § 216(c); or (2) by the employee bringing a lawsuit against his employer under § 216(b), presenting to the district court a proposed settlement, and the court entering a stipulated judgment after reviewing the settlement for fairness.[1] Id. at 1353. The court reasoned that judicial approval of lawsuits "provides some assurance of an adversarial context" and that "when the parties

---

[1] Over 600 federal cases have cited Lynn's Food for this premise.

submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354.  See also Beard v. District of Columbia Hous. Auth., 584 F. Supp. 2d 139, 143 (D.D.C. 2008) ("It is a long held view that FLSA rights cannot be abridged or otherwise waived by contract because such private settlements would allow parties to circumvent the purposes of the statute by agreeing on sub-minimum wages."); Copeland v. ABB, Inc., 521 F.3d 1010, 1014 (8th Cir. 2008) (explaining that an employee did not waive her FLSA rights by choosing to take an unpaid excused absence because the only way an employee may waive FLSA rights is by accepting payment of unpaid wages under the supervision of the Secretary of Labor or by bringing a lawsuit against his employer and requesting the court to enter a stipulated judgment); O'Connor v. United States, 308 F.3d 1233, 1243-44 (Fed. Cir. 2002) (citing Lynn's Food as governing FLSA settlement agreements under private sector labor law); Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986) (explaining in *dicta* that "[c]ourts . . . have refused to enforce wholly private [FLSA] settlements").

In contrast, the Fifth Circuit allows purely private compromise of some FLSA claims without approval from either a court or the Secretary of Labor.  First, in Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608, 618-631 (W.D. Tex. 2005), the court concluded that parties may reach purely private compromises on FLSA claims when there is a *bona fide* dispute as to liability.  In so holding, the court cited to United States v. Allegheny-Ludlum Indus., Inc., 517 F.2d 826 (5th Cir.

6

1975), in which the Fifth Circuit concluded, in *dicta*, that the Supreme Court's holdings in O'Neil and Gangi have little lasting effect.  The Martinez court also relied on the Sixth Circuit's holding in Runyan v. Nat'l Cash Register Corp., 787 F.2d 1039 (6th Cir. 1986), in which the Sixth Circuit allowed for unsupervised releases of claims under the Age Discrimination in Employment Act ("ADEA").  The Martinez court has acknowledged that its holding is in the minority. See Sepulveda v. Southwest Bus. Corp., Civ. A. No. 08-0810, 2009 U.S. Dist. LEXIS 93072, at *4-5 n.1 (W.D. Tex. Oct. 5, 2009) ("This court has previously held that court approval is not required for private settlements of FLSA claims where there is a *bona fide* dispute as to the amount of hours worked or compensation due . . . . However, the Court recognizes that this is a minority view."); Sims v. Housing Auth. of El Paso, Civ. A. No. 10-109, 2011 U.S. Dist. LEXIS 98809 at *15-19 (W.D. Tex. Sept. 1, 2011).[2]

---

[2] Other courts have questioned the *ratio decidendi* of Martinez.  See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1236 (M.D. Fla. 2010) (noting that Martinez held that only a "*bona fide*" dispute is free from Department of Labor or court approval but that Martinez "omits an explanation of the mechanism by which, absent involvement by the Department of Labor or the district court, the bona fides of the dispute are reliably identified."); Yue Zhou v. Wang's Rest., Civ. A. No. 05-0279, 2007 U.S. Dist. LEXIS 3405, at *25 n.15 (N.D. Cal. 2007) (noting that the Martinez court relied on ADEA cases instead of FLSA cases and "ignored the clear expression of congressional intent implicit in [C]ongress' decision to amend the ADEA to allow for the release of ADEA claims when certain strict requirements are met, without any change to the non-waivability of FLSA claims."); Lewis v. Giordano's Enters., Inc., 921 N.E.2d 740, 749 (Ill. App. Ct. 2009) (rejecting Martinez because it ignored prior federal cases, emphasized an ADEA case permitting private settlements, and relied "almost exclusively on dissenting opinions to support its argument that there is a trend among federal courts toward allowing private settlements.").

The Fifth Circuit recently approved of Martinez's holding in Martin v. Spring Break '83 Prods., 688 F.3d 247 (5th Cir. 2012). The Martin court reasoned that the settlement payments at issue constituted an agreement on the "'amounts due and owing' for the disputed number of hours [the employees] claimed they had worked and not been paid for." 688 F.3d at 256. The Martin court referenced its prior holding in Thomas v. Louisiana, 534 F.2d 613, 615 (5th Cir. 1976), which held that a private settlement of FLSA claims was binding and enforceable where the settlement provided the employees "everything to which they are entitled under the FLSA at the time the agreement is reached." The court also distinguished its factual scenario from that in Lynn's Food, explaining that the Martin settlement agreement was fair, and prepared with the assistance of counsel during a lawsuit. Id. at 256 n.10. However, the Martin court did not explain how a district court could ensure that a FLSA settlement agreement was fair, or even determine whether there was a *bona fide* dispute as to liability, absent a requirement of judicial approval.

The Third Circuit has not addressed whether FLSA lawsuits claiming unpaid wages may be settled privately without court approval. Several cases from the District of New Jersey and the Eastern District of Pennsylvania have cited to Lynn's Food and assumed that judicial approval is necessary. See Cuttic v. Crozer-Chester Med. Ctr., 868 F. Supp. 2d 464 (E.D. Pa. 2012); Morales v. PepsiCo, Inc., Civ. A. No. 11-6275, 2012 U.S. Dist. LEXIS 35284 (D.N.J. Mar. 14, 2012); Brumley v. Camin Cargo Control, Inc., Civ. A. No. 08-1798, 2012 U.S. Dist. LEXIS 11702 (D.N.J.

8

Jan. 30, 2012); Bredbenner v. Liberty Travel, Inc., Civ. A. No. 09-905, 2011 U.S. Dist. LEXIS 38663 (D.N.J. April 8, 2011).  The Third Circuit has, in *dicta*, indicated that *bona fide* disputes over the facts leading to liability may be settled without court approval.  See Coventry v. U.S. Steel Corp., 856 F.2d 514, 521 n.8 (3d Cir. 1988) (observing that a employee cannot generally waive his rights under FLSA, but that he may be able to release a factually disputed claim); Watkins v. Hudson Coal Co., 151 F.2d 311, 314 (3d Cir. 1945) (noting that a private agreement over the amount of wages owed by an employer "may, under proper circumstances, be upheld.")); accord Burke v. Wackenhut Corp., Civ. A. No. 06-0050, 2007 U.S. Dist. LEXIS 15169, at *7-8 (M.D. Pa. Mar. 5, 2007).

The undersigned concurs with the majority of courts who cite Lynn's Food for the premise that *bona fide* disputes of FLSA claims may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in a FLSA lawsuit.  It is simply impossible to ensure that an agreement settles a *bona fide* factual dispute over the number of hours worked or the regular rate of employment in the absence of judicial review of the proposed settlement agreement.  See Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008) (defining a *bona fide* dispute as "some doubt . . . that the plaintiffs would succeed on the merits through litigation of their claims" because "[i]f no question exists that the plaintiffs are entitled under the statute to the compensation they seek . . . then any settlement of such claims would allow the employer to negotiate around the statute's

mandatory requirements."). The present case undergirds this conclusion: here, the facts underlying the complaint are not developed sufficiently for the parties or the court to conclude that there is any real factual dispute concerning what the employees are owed under FLSA. Budget has yet to submit an answer to the complaint, and, therefore, the pleadings do not reflect its denial of Deitz's factual allegations. The court cannot and will not know whether there is a *bona fide* dispute unless and until the parties submit a proposed settlement agreement for approval.

Although the court finds that the parties must submit to the court any proposed settlement agreement in order to dispose of this action, the court also acknowledges plaintiffs' right to freely choose who will represent them. See PA. RULES PROF'L CONDUCT R. 1.16(a)(3) ("a lawyer . . . shall withdraw from the representation of a client if . . . the lawyer is discharged."); see also L.R. 83.23.2 (adopting Pennsylvania Rules of Professional Conduct). Thus, the court will grant the Winebrake Firm's motions (Doc. 8; Doc. 14) to withdraw as counsel for plaintiffs. Plaintiffs shall proceed *pro se* unless and until they retain counsel.

### III. Conclusion

For the foregoing reasons, the court will grant the Winebrake Firm's motions (Doc. 8; Doc. 14) to withdraw as counsel. The court will further require the parties to submit any proposed settlement agreements to the court, along with arguments, supported by applicable case law, addressing whether the compromise settles a *bona fide* dispute and is a fair and reasonable resolution of the claims. An

10

appropriate order follows.

                                               <u>S/ Christopher C. Conner</u>
                                               CHRISTOPHER C. CONNER
                                               United States District Judge

Dated:       December 13, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON DEITZ on behalf of himself and similarly situated employees,** | : | **CIVIL ACTION NO. 4:12-CV-0718** |
| | : | |
| | : | **(Judge Conner)** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **BUDGET INNOVATIONS AND ROOFING, INC.,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 13th day of December, 2012, upon consideration of the Winebrake Firm's motions (Doc. 8; Doc. 14) to withdraw as counsel, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The Winebrake Firm's motions ((Doc. 8; Doc. 14) to withdraw as counsel for party plaintiffs Jason Deitz, Eric Gallagher, Stephen Hornberger, and Matthew Marcheski are GRANTED.

2. Attorneys Peter D. Winebrake, Esquire, Mark J. Gottesfeld, Esquire, and R. Andrew Santillo, Esquire are TERMINATED as attorneys of record for party plaintiffs Jason Deitz, Eric Gallagher, Stephen Hornberger, and Matthew Marcheski in the above-captioned case.

3. The Clerk of the Court is directed to designate Jason Deitz, Eric Gallagher, Stephen Hornberger, and Matthew Marcheski as *pro se* plaintiffs.

4. The Clerk of the Court is directed to send a copy of this order and the docket in this case to Jason Deitz at his last known address: 12 S. 2nd St., Shamokin, PA 17872.

5. The Clerk of the Court is directed to send a copy of this order and the docket in this case to Eric Gallagher at his last known address: 240 S. Coal St., Shamokin, PA 17872.

6.  The Clerk of the Court is directed to send a copy of this order and the docket in this case to Stephen Hornberger at his last known address: 838 W. Shamokin St., Trevorton, PA 17881.

7.  The Clerk of the Court is directed to send a copy of this order and the docket in this case to Matthew Marcheski at his last known address: 566 N. 2nd St., Shamokin, PA 17872.

8.  The parties shall file any proposed settlement agreements to the court in the next twenty (20) days, along with arguments, supported by applicable case law, addressing whether the compromise settles a *bona fide* dispute and is a fair and reasonable resolution of the claims. See, e.g., Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714 (E.D. La. 2008).


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge